# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN COOLEY and <br> COOLEY & CO. LTD. | : <br> : <br> : |
| Plaintiffs, | : <br> : <br> : |
| v. | : Civil Action No. _____ <br> : |
| EXTINCTIONS, INC., <br> d/b/a DinoStore.com, NatureStore.com, <br> Dinosaurs.net, J. STEPHEN HESS, <br> MICHAEL E. THOMAS, | : <br> : <br> : <br> : <br> : Jury Trial Demanded |
| Defendants. | : |

## COMPLAINT

Plaintiffs, Brian Cooley ("**Cooley**") and Cooley & Co. Ltd. ("**Cooley Ltd.**")(collectively, the "**Plaintiffs**"), by and through their undersigned counsel, hereby submit the following Complaint against Defendant, Extinctions, Inc. ("**Extinctions**"), J. Stephen Hess ("**Hess**"), and Michael E. Thomas ("**Thomas**")(collectively the "**Defendants**"), and respectfully allege as follows:

## NATURE OF THE ACTION

1. Cooley is a world-renowned paleo-artist whose work is regularly featured in museums throughout the United States and Canada, as well as in textbooks and other publications such as the National Geographic and Time magazine.

1

2. Among other things, Cooley has been awarded the top international prize in the category of sculptural work by a "paleoartist" by the Society of Vertebrate Paleontology.

3. One of Cooley's famous works is a sculpture of a therizinosaur embryo titled "**Therizinosaur**" and also known as "**Baby Louie,**" which has been featured on the cover of the May 1996 issue of National Geographic, in "Dinosaurs, a Visual Encyclopedia" textbook (DK Publishing, Dec. 2010), museum web sites and other educational publications. Cooley Ltd. owns a valid, registered copyright in the work, Reg. No. VA 1-793-315.

4. In this copyright infringement action, the Plaintiffs seek to arrest the willful and unlawful reproduction, creation of derivative works, display, distribution and sale of the Therizinosaur replicas by the Defendants through their Extinctions website and its network of affiliated internet vendors.

## **PARTIES**

5. Cooley is a citizen of Canada residing at 6727 Silverview Road, NW Calgary, Alberta, Canada T3B 3L5.

6. Cooley Ltd. is a Canadian company located in Alberta, Canada, and the owner of the copyright at issue in this action. Cooley is the owner and principal of Cooley Ltd.

7. Upon information and belief, Extinctions is a Pennsylvania for-profit corporation with offices located at 303 Carlisle Ave., York, PA 17404.

8. Extinctions owns and operates a family of websites that manufacture, supply, distribute and sell fossils and fossil replicas to the public throughout the United States and abroad, including the United Kingdom, Japan, Australia, Central and South America.[1]

9. Upon information and belief, Hess and Thomas are owners and principals of Extinctions, and at all times directed Extinction's infringing activities, as further described herein.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 (a), as this action arises under the United States Copyright Act, 17 U.S.C. § 101, *et seq.* (as amended) (the "**Act**").

11. This Court has personal jurisdiction over the Defendants because the Defendants are conducting business in this District, and/or because they have engaged in activities within Pennsylvania that caused injury outside of this District.

12. This Court also has personal jurisdiction over the parties under 18 U.S.C. § 1332(a)(1) because this is a civil action where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

---

[1] *See FAQs*, http://extinctions.com/?fuseaction=home.faq (last visited Apr. 19, 2016).

13. Venue is proper in this Court under 28 U.S.C. §§ 1391(a), (c) and 1400(a) because the Defendants conduct business within this district, are amenable to process here, and have infringed Plaintiffs' copyrights within this district.

**BACKGROUND FACTS**

<u>Cooley Creates the Therizinosaur Work and Registers Copyrights in the Work</u>

14. In 1995, Cooley created a three-dimensional sculpture of a therizinosaur embryo based on paleontological studies that predicted the measurements and appearance of the dinosaur.

15. The work titled "Therizinosaur" was featured on the cover of the May 1996 issue of the National Geographic, as shown below.



16. Cooley is credited for the copyright of Therizinosaur on page 105 of the magazine. Cooley Ltd. presently owns the copyright to the Therizinosaur work and occasionally licenses the copyright to educational and non-profit organizations.

17. The Therizinosaur sculpture also has been featured in various textbooks on dinosaurs, on the web sites of National Geographic, the Museum of Natural Science and other educational sites—all sources having credited Cooley for the work and displayed the copyright notice in some fashion.

Defendants' Wilful Infringement of the Therizinosaur Copyrights

18. Upon information and belief, Extinctions is "a business dedicated to supplying fossils to museums and collectors around the world" and boasts having the "largest, most complete, and most detailed fossil websites on the Internet." https://www.extinctions.com/index.cfm?fuseaction=home.main (last visited Apr. 28, 2016).

19. Upon information and belief, Extinctions owns and operates the web site extinctions.com, which serves as "the portal" for multiple other web sites owned and operated by Extinctions, including "nine online fossil stores, an online nature store, a fossil auction website, and even a wholesale fossil store." *Id.*

20. Extinctions.com and its affiliated web sites contain a "Terms of Use and Privacy Policy" link, which features a discussion regarding Extinctions'

5

copyright and trademark notices, and protections of Extinctions' own copyrights. *Id.*

21. Upon information and belief, the Defendants were aware, at all relevant times, that they would need approval from the copyright owner in order to create derivative work, reproduce, display, or sell any copyrighted matter.

22. In 2012, the Plaintiffs noticed that an unauthorized reproduction of the Therizinosaur work was displayed and offered for sale on certain web sites owned or operated by Extinctions, including Extinctions.com, DinoStore.com, StoreforKnowledge.com, among others.

23. Upon information and belief, at all relevant times, the Defendants knew or were aware that the Therizinosaur work was authored by Cooley and subject to copyright protection under the Act.

24. On April 9, 2012, the Plaintiffs, through their counsel, transmitted a demand letter to Hess and Extinctions advising the Defendants of Plaintiffs' copyright ownership and that the Defendants' manufacture, distribution, advertising and sale of the Therizinosaur replicas was unauthorized and infringing the copyright. The Plaintiffs further requested the removal of the infringing copies from all web sites and a cessation of all marketing, distribution and sales activities.

25. For some time, the Therizinosaur replicas were removed from the Defendants' web sites. Yet, in April of the following year (2013), Cooley noticed

that the unauthorized and infringing Therizinosaur replicas were being sold again on the Defendants' various web sites. The Plaintiffs' counsel transmitted yet another letter to the Defendants demanding that they immediately cease and desist from their infringing activities, and warning them that their conduct can only be viewed as knowing and wilful—especially in light of the parties' prior history of dealings.

26. In March 2016, Cooley noticed that the Defendants again were making the Therizinosaur replicas and offering them for sale on Extinctions' family of web sites, including DinoStore.com, NatureStore.com, and Dinosaurs.net, without restraint, license or authorization from Cooley. All of the foregoing web sites contain a notation at the bottom stating "Extinctions, Inc. All rights reserved."

27. On March 21, 2016, a Confidential Witness purchased one of these replicas from Extinctions through the http://extinctions.com web site.

28. As shown below, the Therizinosaur replicas were selling so successfully, that by late April 2016 they appear to have sold out from Extinctions' web stores.










29. Upon information and belief, the fact that Extinctions deliberately noted that the Therizinosaur replicas are **temporarily** out of stock indicates the Defendants' intent to offer the infringing items for sale again in the future.

30. Even though they knew that Cooley and/or Cooley Ltd. owns the copyrights in the Therizinosaur work, the Defendants recklessly disregarded the copyrights and made unauthorized reproductions or derivative works of the sculptures, displayed them on their web sites without permission, and distributed and sold the unlawful replicas through Extinctions and its affiliated web sites.

31. The Defendants failed to seek permission to exploit the subject copyrights.

32. Extinctions claims to have engaged in sales and distribution of its products, including the Therizinosaur replica, all over the world -- it "shipped hundreds of items to overseas areas like the UK, Japan, Australia, Central and South America, etc." (*see FAQs*, http://extinctions.com/?fuseaction=home.faq.), and thus the Defendants likely made significant profits from their infringing activities.

### COUNT I
### COPYRIGHT INFRINGEMENT
**(Against Extinctions)**

33. The Plaintiffs re-allege and incorporate by reference every allegation contained in each paragraph above as though fully set forth herein.

34. Cooley Ltd. owns a valid copyright in the Therizinosaur work.

35. Under the Act, Cooley Ltd. has "the exclusive right to do and to authorize … (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; … (5) in the case of … sculptural works … to display the copyrighted work publicly." 17 U.S.C. § 106 (1)–(5). Derivative works are defined as "work[s] based upon one or more preexisting works, such as [an] . . . art reproduction . . . or any other form in which a work may be recast, transformed, or adapted." *See* 17 U.S.C. § 101.

36. Upon information and belief, the Defendants were aware that the Therizinosaur work was authored by Cooley and that it was subject to copyright protection under the Act.

37. Upon information and belief, Extinctions has wilfully infringed Cooley Ltd.'s copyrights in the Therizinosaur work in violation of the Plaintiff's rights under 17 U.S.C. § 106, by making unauthorized reproductions and/or derivative works, displaying the works on its commercial web sites, and distributing the copies or derivative works to the public by sale or other means.

38. Extinctions' infringements were wilful within the meaning of 17 U.S.C. § 504(c)(2) because Extinctions was actually aware of the infringing

activity or recklessly disregarded the possibility that its conduct represented infringement.

39. As a result of Extinctions' wilful infringements, the Plaintiffs have been damaged in an amount to be proven at trial but which the Plaintiffs believe to amount to $1,350,000.00 (as the maximum statutory damages under 17 U.S.C. § 504(c) for each wilful infringement by Extinctions) but no less than $270,000.00 (as the minimum amount of actual or statutory damages if the infringements are not found to have been committed wilfully), together with costs and attorney's fees pursuant to 17 U.S.C. § 505.

## COUNT II
### COPYRIGHT INFRINGEMENT
### (Against Hess and Thomas)

40. The Plaintiffs re-allege and incorporate by reference every allegation contained in each paragraph above as though fully set forth herein.

41. Upon information and belief, Hess and Thomas are owners and officers of Extinctions, Inc., and at all relevant times have had the ability to supervise Extinctions' infringing conduct and to prevent Extinctions from engaging in it.

42. Upon information and belief, Hess and Thomas have had a direct financial interest in the infringing activities of Extinction and have financially benefitted from those activities.

43. Therefore, Hess and Thomas are vicariously liable for Extinctions' wilful infringement.

44. As a result of the foregoing, the Plaintiffs have been damaged in an amount to be proven at trial but which the Plaintiffs believe to amount to $1,350,000.00 (as the maximum statutory damages under 17 U.S.C. § 504(c) for each wilful infringement by Extinctions) but no less than $270,000.00 (as the minimum amount of actual or statutory damages if the infringements are not found to have been committed wilfully), together with costs and attorney's fees pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully request that this Court enter a judgment against the Defendants, jointly and severally as follows:

A.  On Count I: damages in an amount to be proven at trial but which the plaintiffs believe to amount to $1,350,000.00 (as maximum statutory damages under 17 U.S.C. § 504(c) for each wilful infringement by Extinctions) but no less than $270,000.00 (as the minimum amount of actual or statutory damages if the infringements are not found to have been committed wilfully), together with costs and attorney's fees pursuant to 17 U.S.C. § 505;

B.  On Count II: an amount to be proven at trial but which the Plaintiffs believe to amount to $1,350,000.00 (as the maximum statutory damages under 17 U.S.C. § 504(c) for each wilful infringement by Extinctions) but no less than $270,000.00 (as the minimum amount of actual or statutory damages if the infringements are not found to have been committed wilfully), together with costs and attorney's fees pursuant to 17 U.S.C. § 505;

C.  On all Counts: a permanent injunction enjoining the Defendants, their employees, agents, representatives, affiliates, and all those acting in concert with the Defendants from further infringements of the copyrights in the Therizinosaur work; requiring the Defendants to deliver to Plaintiffs all copies/replicas/derivative works of the Therizinosaur work; and

D.  On all Counts: applicable interest, costs, attorney's fees and such other and further relief that the Court deems just and proper.

        Respectfully submitted,

        THE KELLER LAW FIRM, LLC

Dated: June 22, 2016      By: /s Kelley C. Keller
        Kelley C. Keller
        35 East High Street
        Carlisle, PA  17013
        Telephone: (717) 386-5035
        Email: keller@thekellerlawfirm.com

        Of counsel, motion to appear
        *pro hac vice* forthcoming:

        SAM  P.  ISRAEL,  P.C.

      By: /s Sam P. Israel
        Sam P. Israel
        Eleonora Zlotnikova
        180 Maiden Lane, 6th Floor
        New York, NY 20038
        Telephone: (646) 787-9880
        Email:  samisrael@spi-pc.com

        *Attorneys for Plaintiffs*

HBGDB:158640-1 028522-175688